UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

-v-

HECTOR EMILIO FERNANDEZ-ROSA,

        Defendant.

―――――――――――――――――――――――――――――

HECTOR EMILIO FERNANDEZ-ROSA,

        Petitioner,

-v-

UNITED STATES OF AMERICA,

        Respondent.

No. 12-cr-894-2 (RJS)
No. 23-cv-544 (RJS)
No. 23-cv-1973 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Hector Emilio Fernandez-Rosa, currently incarcerated and proceeding pro se, moves under 28 U.S.C. § 2255 to vacate or set aside his 2019 conviction and sentence following his guilty plea to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. By order dated January 30, 2023 (Dkt. No. 12-cr-894-2, Doc. No. 94), the Court ordered Fernandez-Rosa to file a declaration by March 30, 2023 to show cause as to why his section 2255 motion – which purported to be dated October 30, 2022, but which was not received by the Court until January 19, 2023 (Dkt. No. 12-cr-894-2, Doc. No. 93; Dkt. No. 23-cv-544, Doc. No. 1) – should not be denied as time-barred.

    On March 6, 2023, the Court received a duplicative motion under 28 U.S.C. § 2255, which was purportedly dated August 29, 2022, bearing Fernandez-Rosa's signature. (Dkt. No. 23-cv-1973, Doc. No. 1.) Thereafter, Fernandez-Rosa submitted a declaration – dated March 28,

2023, but not received by the Court until April 5, 2023 – asserting that he placed his initial motion into the prison's mailing system on August 29, 2022.  (Dkt. No. 12-cr-894-2, Doc. No. 99.)  Fernandez-Rosa also asserted that staff members at his facility "rejected the mail" containing his initial section 2255 motion, prompting him to submit another motion into the prison's mailing system on October 30, 2022.  (*Id.*)

In light of the self-serving nature of Fernandez-Rosa's assertions and the significant delays between when Fernandez-Rosa claims to have mailed his motions and when they were actually received by the Clerk's Office, the Court held a conference on May 16, 2023 to address whether Fernandez-Rosa's section 2225 motion was time-barred.  At this conference, Fernandez-Rosa was directed to "file with the Court, by July 17, 2023, documents and witness affidavits pertaining to when and how he mailed his motions" and the government was directed to respond within ten days of Fernandez-Rosa's filing of his materials.  (Dkt. No. 12-cr-894-2, Doc. No. 102.)

Fernandez-Rosa subsequently submitted declarations from two inmates, Christopher Glenn and Saiyd Muhammad, which were dated June 28, 2023, supporting his assertions that his first and second section 2255 motions were placed into the prison's mailing system on August 29, 2022 and October 30, 2022, respectively.  (Dkt. No. 12-cr-894-2, Doc. No. 107; Dkt. No. 23-cv-544, Doc. No. 9; Dkt. No. 23-cv-1973, Doc. No. 8.)  In response, the government submitted a letter dated August 2, 2023, stating that it was "not in a position to dispute the timeliness of [Fernandez-Rosa's] filing," and "request[ed] that the Court set a briefing schedule for the petition." (Dkt. No. 12-cr-894-2, Doc. No. 108 at 3; Dkt. No. 23-cv-544, Doc. No. 10 at 3; Dkt. No. 23-cv-1973, Doc. No. 9 at 3.)  Fernandez-Rosa then filed additional materials, dated June 28, 2023, in support of his previously filed declarations.  (Dkt. No. 12-cr-894-2, Doc. No. 110; Dkt. No. 23-cv-544, Doc. No. 12; Dkt. No. 23-cv-1973, Doc. No. 11.)

The Court agrees with the parties that if Fernandez-Rosa's first and second section 2255 motions were put into the prison's mailing system on the dates Fernandez-Rosa claims they were, the motions would be timely since Fernandez-Rosa had until November 1, 2022 to submit a motion to vacate under section 2255.[1]  Given that the materials submitted by Fernandez-Rosa support his contention that his petition was written in late August 2022 and placed into the prison's mailing system on August 29, 2022 and October 30, 2022, and that the government effectively concedes the timeliness of his submissions, the Court finds that Fernandez-Rosa's motion is not time-barred. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (explaining that, under the "prison mailbox" rule, documents submitted by incarcerated individuals are generally deemed to be filed on the date that they are delivered to prison authorities for mailing).  The Court has also concluded that the motion brought under 28 U.S.C. § 2255 should not be summarily denied as being without merit.

Additionally, Fernandez-Rosa has also filed a "motion to supplement his section 2255 pleading" under Federal Rule of Civil Procedure 15, dated July 26, 2023.  (Dkt. No. 12-cr-894-2, Doc. No. 109;  Dkt. No. 23-cv-544, Doc. No. 11; Dkt. No. 23-cv-1973, Doc. No. 10.)  The Court construes Ferandez-Rosa's motion to be a motion to amend his section 2255 petition to incorporate three new arguments alleging:  (1) "entrapment," (2) that the "court[] wrongful[ly] calculate[ed] . . . his base offense level," and (3) that "his defense counsel[] fail[ed] to adequately define the

---

[1] In a previous order, the Court stated that Fernandez-Rosa had until September 1, 2022 to file a timely section 2255 motion.  (Dkt. No. 12-cr-894-2, Doc. No. 94.)  The actual deadline, however, was November 1, 2022, in light of an order issued by the United States Supreme Court during the COVID-19 pandemic, which temporarily extended the time to petition for certiorari from 90 to 150 days.  *See* 334 F.R.D. 804.

3

rules of deportation in association with his guilty plea."[2] (Dkt. No. 12-cr-894-2, Doc. No. 109 at 4–5;  Dkt. No. 23-cv-544, Doc. No. 11 at 4–5; Dkt. No. 23-cv-1973, Doc. No. 10 at 4–5.)

The Federal Rules of Civil Procedure govern motions to amend in the habeas context. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001).  Under Federal Rule of Civil Procedure 15(a), amendments to pleadings are allowed with a court's leave, and "the court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Here, Petitioner is proceeding pro se, and "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim[,]" *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984), particularly since there are "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under . . . [section] 2255," *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998). In light of these standards, and the fact that the government has yet to file its response, IT IS HEREBY ORDERED THAT Petitioner's request to file an amended petition is GRANTED.

Accordingly, the Clerk of Court is respectfully directed to (1) characterize the pending section 2255 motions in *Fernandez-Rosa v. United States*, No. 23-cv-1973 (RJS), Doc. Nos. 1, 10, as amended section 2255 motions in *Fernandez-Rosa v. United States*, No. 23-cv-544 (RJS) and (2) administratively close the action opened under No. 23-cv-1973.  IT IS FURTHER ORDERED THAT, by September 15, 2023, the government shall file a response to Fernandez-Rosa's section 2255 motion.  IT IS FURTHER ORDERED THAT, by October 16, 2023, Fernandez-Rosa shall file a reply to the government's response.  Absent further order, the motion will be considered fully

---

[2] While Fernandez-Rosa styles his filing as a "supplemental pleading" under Rule 15(d), the Court finds that subsection inapposite, given that it applies where a "supplemental pleading set[s] out a[] transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Since Ferandez-Rosa's pleading lays out no new facts postdating his initial section 2255 petitions, it is more properly characterized as an amended pleading, which instead is governed by Rule 15(a).

submitted as of that date.  All further papers filed or submitted for filing must include the criminal docket number and will be docketed in the criminal case.

The Clerk of Court is respectfully directed to (1) terminate the motions pending at Dkt. No. 23-cv-544, Doc. Nos. 4, 11; (2) terminate the motions pending at Dkt. No. 12-cr-894-2, Doc. Nos. 98, 100, 109; and (3) mail a copy of this Order to Hector Emilio Fernandez-Rosa, BOP ID # 92339-054, at either USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808, or at any BOP institution to which Fernandez-Rosa should be subsequently transferred.

SO ORDERED.

Dated:   August 16, 2023
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation